# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# BENTON DIVISION

| | |
|---|---|
| CAROLE BRUMLEY, on behalf of Plaintiff and a class,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MIDWEST MEDICAL SERVICES, LLC and MIDWEST NEUROSURGEONS, LLC,<br><br>　　　　Defendants. | Case No. 3:22-989<br><br>(Removed from Circuit Court for the First Judicial Circuit in Williamson County, Illinois; No: 2022MR16) |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1337, 1367, 1441, and 1446, Defendants Midwest Medical Services, LLC (**MMS**) and Midwest Neurosurgeons, LLC (**MWNS**) (collectively, the **Defendants**), by and through their attorneys, hereby give notice of removal of this action from the Circuit Court of Williamson County, Illinois to the United States District Court for the Southern District of Illinois, Benton Division, based upon federal question jurisdiction. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over any claims not within its original federal question jurisdiction, because they form part of the same case or controversy as the claims over which the Court has original jurisdiction. As this Court has original federal question jurisdiction under 28 U.S.C. §§ 1331 and 1337, the action is removable under 28 U.S.C. § 1441(a). In support, Defendants state:

### A.　Procedural Background

1.　Plaintiff Carole Brumley (**Plaintiff**) filed a Complaint-Class Action (**Complaint**) in the Circuit Court of the First Judicial Circuit in Williamson County, Illinois (the **State Court Action**), on or about April 1, 2022. That case has been assigned Case No. 2022MR16. Pursuant

to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants are attached hereto as **Exhibit A**, which includes the Summons, Complaint, and Plaintiff's Motion for Class Certification.

2.    The documents attached as **Exhibit A** constitute all of the pleadings received by the Defendants in this matter. *See* 28 U.S.C. § 1446(a). Upon information and belief, the documents attached as **Exhibit A** are the only process, pleadings and orders served on Defendants in the State Court Action, and no further proceedings have occurred therein. *Id.*

3.    Venue is proper in the United States District Court for the Southern District of Illinois because the State Court where the suit was originally filed is located within this District. *See* 28 U.S.C. § 93(c); 28 U.S.C. §§ 1441(a), 1446(a).

### B.    ORIGINAL JURISDICTION

4.    The State Court Action may be removed to this Court if it is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

5.    Federal district courts have original jurisdiction over all civil actions "arising under" the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and any civil action or proceeding arising under any Act of Congress regulating commerce. 28 U.S.C. §1337.

6.    Such actions and proceedings, when originally filed in State courts, are removable to federal district courts. 28 U.S.C. §1441(a).

7.    Plaintiff's Complaint filed in the State Court Action alleges that MMS violated the Fair Debt Collection Practices Act (**FDCPA**), 15 U.S.C. § 1692d, e, e(2), e(10), f, and g. *See* Compl. ¶¶ 28–58 (Counts I and II).

8. Plaintiff's Complaint also seeks declaratory and injunctive relief regarding both Defendants' services and billing practices for Medicare participants based on the federal Medicare laws. *See* Compl. ¶¶ 59–71 (Count III).

9. This action thus "arises under" the laws of the United States, satisfying the requirements for original jurisdiction prescribed in 28 U.S.C. § 1331.

10. The FDCPA is a federal statute regulating commerce. Consequently, Plaintiff's civil action also falls within the Court's original jurisdiction conferred by 28 U.S.C. § 1337.

C. SUPPLEMENTAL JURISDICTION

11. Where federal question jurisdiction exists over any one of the claims in a removed action, the Court possesses federal jurisdiction over the entire action so long as the accompanying claims "form part of the same case or controversy." *See* 28 U.S.C. § 1367(a) (providing that a district court with original jurisdiction over a claim "shall have supplemental jurisdiction over all other claims . . . form[ing] part of the same case or controversy"); *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997) ("[O]nce the case was removed, the District Court had original jurisdiction over ICS' claims arising under federal law, and thus could exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute other claims that . . . form part of the same case or controversy.") (quotation omitted).

12. Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). A plaintiff's claims derive from a common nucleus of operative fact if the claims "are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *See Huffman v. Hains*, 865 F.2d 920, 922 (7th Cir. 1989) (quoting *Gibbs*, 383 U.S. at 725).

13. In the alternative, if the Court finds that there is not federal question jurisdiction over Counts I and II, both arose from the same set of facts and would ordinarily be expected to be tried together with Count III. *See City of Chi.*, 522 U.S. at 164–65.

14. Accordingly, should the Court conclude it does not have original jurisdiction over the claims alleged in Counts I and/or II of the Complaint, this Court has jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

### D. PROCEDURAL REQUIREMENTS

15. By filing this Notice of Removal, Defendants do not admit any of the allegations in the Complaint and do not waive any defenses which may be available to them.

16. Defendants have given the undersigned attorneys authority to sign and file this Notice of Removal.

17. The United States District Court for the Southern District of Illinois, Benton Division, is the District Court for the district embracing Williamson County, Illinois, where the state court action is pending. 28 U.S.C. § 93(c).

18. The Defendants received service of the Summons and Complaint on April 11, 2022. Thus, this Notice of Removal is filed within thirty (30) days after that defendant received the initial pleading alleging a basis for removal as required by 28 U.S.C. § 1446(b).

19. Written notice of this Notice of Removal will be promptly filed with the Clerk of the Court for the Circuit Court for the First Judicial Circuit in Williamson County, Illinois, and served on all adverse parties through appropriate service means. *See* 28 U.S.C. § 1446(d). A copy of the Notice to State Court and Adverse Parties of Filing of Notice of Removal to Federal Court is attached hereto as **Exhibit B**.

20. A copy of the Civil Cover Sheet is attached as **Exhibit C**.

21. The necessary filing fees have been paid simultaneously with this Notice of Removal pursuant to Rule 3.1 of the Local Rules.

22. All Defendants consent to this removal.

23. If any questions arise regarding the propriety of removal of this action, Defendants respectfully request the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

**WHEREFORE**, Defendants Midwest Medical Services, LLC and Midwest Neurosurgeons, LLC respectfully request that this action be removed to the United States District Court for the Southern District of Illinois and prays that all further proceedings in this civil action be conducted in the United States District Court for the Southern District of Illinois as provided by law.

Respectfully Submitted,

**THOMPSON COBURN LLP**

By: /s/ Shaun C. Broeker
Shaun C. Broeker, #6315231 (Lead Counsel)
Daniel A. Garcia, # 6328732
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
(314) 552-7000 (fax)
sbroeker@thompsoncoburn.com
dgarcia@thompsoncoburn.com

*Attorney for Defendants Midwest Medical Services, LLC and Midwest Neurosurgeons, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, first class mail postage prepaid, and sent by electronic mail in PDF format on the 11th day of May, 2022 to:

Daniel A. Edelman
Dulijaza Clark
Julia Ozello
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL  60603-1824
(312) 739-4200
courtecl@edcombs.com

                                                     /s/ Shaun C. Broeker